THE INHABITANTS OF KNOX vs. THE INHABITANTS OF WALDO-
BOROUGH.

An absence of five years was holden not to change the domicil of the party, he
having left home to seek temporary employment, and there being no evidence
that this purpose had been altered.

An alien is capable of acquiring a settlement in this State, under the provisions of
*Stat.* 1821, *ch.* 122.

IN this case the question was upon the domicil of *John Brad-
dock*, an alien, whose wife was the pauper for whose support the
action was brought.   She had her legal settlement originally in
*Waldoborough*; was married to *Braddock* in 1790 ;  and removed
to *Knox*, where they resided at the time of its incorporation, and
until the year 1819 ;  when he left her, and went into the *British*
provinces, "for the purpose of laboring," and had  not since re-
turned.   About the time he departed, she visited her friends in
*Waldoborough* ; among whom she remained till the spring of 1820,
when she returned to *Knox*, where she has since continued to re-
side.   They had no  family.

Upon these facts *Perham* J. in the Court below, ruled that her
settlement was in  *Waldoborough*;  to which the defendants
excepted.

*Abbot*, in support of the exceptions, argued that the provisions
of *Stat.* 1821, *ch.* 122, extended as well to aliens as to citizens ;
and that *Braddock* acquired a settlement under that act, for him-
self and  his wife,  by having  his domicil in  *Knox* on the 21st of
*March* 1821.   His absence from the town  on that  day does not
affect the question ;  as the case finds that this was only for the
temporary purpose of seeking employment.    *Granby v. Amherst*
7 *Mass.* 1.   *Abington v.  Boston* 4 *Mass.* 312.    11 *Mass.* 432.
*Vattel, book* 2, *ch.* 19, *sec.* 218.

If he had wholly abandoned his wife, there seems no good rea-
son why she may not have acquired a settlement for herself, in
the same manner.   The principle upon which it has been enacted
that a wife shall take the settlement of her husband, is that they
ought not to be separated.    But if he has abandoned her, that
reason fails ;   and as in that event she is treated in some other
respects as a feme sole, why not in this also ?

Further, it was the intention of the legislature to fix, by one act of legislation, the settlement of every person, except paupers, resident in this State on the day the statute was enacted. The wife was thus resident, within the express terms of the act ; and of course settled thereby in *Knox*. Her husband, being an alien, could acquire no settlement under the laws of *Massachusetts* ; and if he had abandoned the country, he could not be affected by those of *Maine*.

*Wilson*, for the plaintiffs, contended that an alien was not capable of acquiring any settlement in this State, unless by express statutory provision ; and that the general language of the statute respecting the settlement of the poor, ought not to be construed to include aliens ; it being in most instances only a transcript of *Stat.* 1793, *ch.* 34, which had already received a judicial interpretation excluding them.

But if they were thus capable, yet *Braddock* gained no settlement under the act of 1821, he having abandoned the country long before it was passed, and returned to the government to which his allegiance was due.

MELLEN C. J. delivered the opinion of the Court, as follows.

*Mary Braddock*, the pauper, at the time of her marriage with *John Braddock*, had her legal settlement in *Waldoborough* ; and as her husband is an alien and has never been naturalized, she retains that settlement still, unless he has gained a settlement in some other town in this State in virtue of the act of *March* 21st 1821. It is clear that he gained none by his residence in *Knox* at the time of its incorporation, in consequence of his being an alien. *Jefferson v. Litchfield* 1 *Greenl.* 196. But it is contended that he gained one in *Knox* by his dwelling in that town on the said 21st of *March* 1821. The language of our statute of 1821, is different from that of *Massachusetts* ; it being so general as to embrace aliens as well as citizens ; and such was the intention. We have had occasion to examine this point before ; and we are all satisfied that *John Braddock* was a person by our law capable of gaining a settlement by residence, dwelling, and having his home in a particular town in this State on the day the act was

passed. The only remaining question is whether, according to the true intent and meaning of the law he did reside and dwell and have his home in *Knox* on that day. By the report it appears that in the latter part of 1819, he went into the *British* provinces for the purpose of laboring ; and has not yet returned. It does not appear what family he had, except his wife. He left her in *Knox*. Soon after, she went on a visit to her friends in *Waldoborough*, and returned to *Knox* in the following spring of 1820, where she has continued to reside ever since. From these facts the legal conclusion must be drawn. It was his home in the fall of 1819. It has continued the home of the wife ever since ; for she merely made a visit at *Waldoborough*. It does not appear that he has any other home in any particular place with intent to remain there ; or that he had on the 21st of *March* 1821. The case states that *Braddock* is an alien ; but does not state his national character. If in fact he is an *Englishman*, and if the case had been silent as to his motive and object in going to the *British* provinces, his having continued there so long would furnish a strong ground of presumption that he left this part of the country with an intention never to return. But we are not at liberty in this case to make any inferences as to his motive and object, because the report expressly states that he went to the provinces for the purpose of laboring. And from this circum-- stance, the legal presumption is that, when the above named act was passed, he was there *animo revertendi*, rather than *animo manendi* ; and the continuance of his wife in the place where they had dwelt prior to his leaving the town, comes in aid of the legal presumption arising from the other circumstances which we have mentioned. We ought not to presume that a man has aban- doned his wife and family and absconded to a foreign country, merely from such an absence, especially when it is stated to have been for purposes of business. . For these reasons we are of opinion that *John Braddock* must be considered as having resided, dwelt and had his home in the town of *Knox* on the 21st of *March* 1821 ; and of course he thereby gained a settlement there ; and his wife gained one there also with him, and thus lost her former settlement in *Waldoborough*.